# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

GEN- E, LLC,                                        )
                                                   )
    Plaintiff/Counter-Defendant,           )
                                                   )
    v.                                     )
                                                   ) C.A. No. N19C-04-067 MMJ CCLD
LOTUS INNOVATIONS, LLC, LOTUS                       )
INNOVATIONS FUND, LP, LOTUS                         )
INNOVATIONS FUND II GP LLC,                         )
GENE HOLDINGS, LLC, LOTUS                           )
INNOVATIONS FUND II, L.P., LOTUS                    )
INNOVATIONS MANAGEMENT, LLC,                        )
HALCYON STRATEGIC PARTNERS,                         )
LLC, CHRISTIAN MACK, DAVID                          )
ROMAN, PHILIP JONES and OMMID                       )
BAVARIAN,                                           )
                                                   )
    Defendants/Counter-                    )
Plaintiffs/Third-Party Plaintiffs,                 )
                                                   )
    v.                                     )
                                                   )
ST. CLOUD CAPITAL PARTNERS III                      )
SBIC, L.P., VIADUCT PARTNERS I,                     )
LP, GEN-E HOLDCO, LLC, GEN-E                         )
ULTIMATE HOLDINGS, LLC, GEN-E                        )
BLOCKER, LLC, and STAR                              )
MOUNTAIN DIVERSIFIED SMALL                          )
BUSINESS ACCESS FUN II, LP,                         )
                                                   )
    Third-Party Defendants.                )

Submitted: June 28, 2022
Decided: June 30, 2022

On Plaintiff's Motion for Reargument

**DENIED**

**ORDER**

Steven T. Margolin, Esq., Samuel L. Moultrie, Esq., Greenberg Traurig, LLP, Wilmington, DE, John K. Wells, Esq. (argued), Greenberg Traurig, LLP, Boston, MA, *Attorneys for Plaintiff*

John A. Sensing, Esq., Clarissa R. Chenoweth, Esq., Potter Anderson & Corroon LLP, Wilmington, DE, Simon Leen, Esq. (argued), Boies Schiller Flexner LLP, Washington, D.C., John J. Kucera, Esq., Boies Schiller Flexner LLP, Los Angeles, CA, John M. Seaman, Esq., E. Wade Houston, Esq., Abrams & Bayliss LLP, Wilmington, DE, *Attorneys for Defendants*

**JOHNSTON, J.**

1. By Opinion dated April 21, 2022, the Court granted Defendants' Motion to Dismiss. The Court held:

> Plaintiff was on inquiry notice as of March 13, 2018. Fraud claims must be brought within the 3-year statute of limitations period. The Second Amended Complaint, including the fraud claims, was filed on March 26, 2021, after the statute of limitations expired.
>
> Plaintiff has not alleged sufficient facts to support a finding that the statute of limitations should be tolled under the doctrine of fraudulent concealment. The Side Letters demonstrate Plaintiff had a reason to investigate, rather than tolling the statute of limitations.[1]

---

[1] *Gen-E, LLC v. Lotus Innovations, LLC*, 2022 WL 2063307, at *5 (Del. Super.).

2. Plaintiff has moved for reargument. Plaintiff contends that the Court misapprehended the facts concerning the review of emails and when Plaintiff had notice of claims against the individual Defendants. Plaintiff asserts that "Lotus emails" and "company emails" are not the same and are maintained differently. Because certain emails only were obtained through discovery, Plaintiff could not have been on inquiry notice of fraud before discovery. Plaintiff contends that only in hindsight, and considering disputed facts, could the evidence demonstrate that the Plaintiff should have been aware of the potential for fraud within the statutory period.

3. The Court previously considered the parties' arguments about what events triggered inquiry notice. These included: a cash shortfall shortly following closing of the transaction; the First Side Letter; and the Second Side Letter. The existence and timing of this evidence is undisputed. Additionally, the Court found:

> Plaintiff was aware that fraud may have been committed, at the very least, as of the time the investigation into the alleged fraud began. Plaintiff conceded that the investigation took "several years," prior to the filing of the fraud claims. The commencement of running of the statute of limitations period does not extend past the time of inquiry notice, even though there may be other types of fraud alleged or other participants in the fraud identified. So long as inquiry into all facts leading to the alleged fraud is triggered, and no fraudulent concealment is identified, the statute of limitations period begins to run at the time of inquiry notice.[2]

---

[2] *Id.* at *4.

4. The Court finds the proffered company/Lotus email dichotomy irrelevant in light of the other "red flags." The Court finds unpersuasive Plaintiff's distinction between primary fraud (corporate defendant) and secondary fraud (individual defendants).

5. Plaintiff also argues that it needed time to investigate and discover sufficient evidence to plead fraud with particularity. That is certainly correct. That is why the limitations period does not expire immediately when inquiry is raised. The relevant statute of limitations takes into consideration the amount of time the legislature found reasonable to research and prepare a lawsuit for filing, once a plaintiff is aware of a potential cause of action.

6. The purpose of moving for reargument is to seek reconsideration of findings of fact, conclusions of law, or judgment of law.[3] Reargument usually will be denied unless the moving party demonstrates that the Court overlooked a precedent or legal principle that would have a controlling effect, or that it has misapprehended the law or the facts in a manner affecting the outcome of the decision.[4] "A motion for reargument should not be used merely to rehash the arguments already decided by the court."[5] To the extent Plaintiff asserted issues that were not raised in the submissions in support of its original motion, new arguments

---

[3] *Hessler, Inc. v. Farrell,* 260 A.2 702, 702 (Del. 1969).
[4] *Ferguson v. Vakili,* 2005 WL 628026, at *1 (Del. Super.).
[5] *Wilmington Trust Co. v. Nix,* 2002 WL 356371, at *1 (Del. Super.).

may not be presented for the first time in a motion for reargument.[6] A court cannot "re-weigh" evidence on a motion for reargument.[7]

7.      The Court has reviewed and considered the parties' written submissions and arguments.  The Court did not overlook a controlling precedent or legal principle, or misapprehend the law or the facts in a manner affecting the outcome of the decision.

**THEREFORE,** Plaintiff's Motion for Reargument is hereby **DENIED.**

**IT IS SO ORDERED.**

_/s/ Mary M. Johnston_
The Honorable Mary M. Johnston

---

[6] _Oliver v. Boston University,_ 2006 WL 4782232, at *1 (Del. Ch.).
[7] _Manichean Capital, LLC v. Sourcehov Holdings, Inc.,_ 2020 wl 11660067, at *3 (Del. Ch.).